# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X
ORLANDO ALVARADO,

                        *Plaintiff*,

-against-

SAMSUNG ELECTRONICS AMERICA, INC.;
SAMSUNG SDI AMERICA, INC.; and ECIG
WAREHOUSE, INC. d/b/a CLOUD 99 VAPES;

                        *Defendants*.
------------------------------------------------------------X

Index No.:

Date Filed:

## *SUMMONS*

Plaintiff designates New York County as place of trial

Venue is based on the corporate domicile of Samsung Electronics America, Inc.

      ***YOU ARE HEREBY SUMMONED*** to answer the Complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York), and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       July 14, 2021

                                                  Yours, etc.

                                                  **L & D LAW P.C.**
                                                  By: Alban Dunisha, Esq.
                                                  *Attorney(s) for Plaintiff*
                                                  11 Broadway – Suite 615
                                                  New York, New York 10004
                                                  (212) 374-9786

**Defendants' Address:**
**See Rider Annexed hereto**

**PROMPTLY FORWARD THIS DOCUMENT TO YOUR INSURANCE COMPANY**

### *Rider:*

**SAMSUNG ELECTRONICS AMERICA, INC.**
c/o CT Corporation System
28 Liberty Street
New York, New York 10005
*(Via Secretary of State)*

**ECIG WAREHOUSE, INC. d/b/a CLOUD 99 VAPES**
21 Doxbury Lane
Suffern, New York 10901
*(Via Secretary of State)*

**SAMSUNG SDI AMERICA, INC.**
4121 North Atlantic Blvd.,
Auburn Hills, MI 48326
*(Via Michigan or California Secretary of State)*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X

ORLANDO ALVARADO,

      *Plaintiff*,

-against-

SAMSUNG ELECTRONICS AMERICA, INC.;
SAMSUNG SDI AMERICA, INC.; and ECIG
WAREHOUSE, INC. d/b/a CLOUD 99 VAPES;

      *Defendants*.

-------------------------------------------------------------X

Index No.:

Date Filed:

***VERIFIED COMPLAINT***

Plaintiff, Orlando Alvarado, by and through counsel, **L & D LAW P.C.**, for his claims against defendants alleges the following:

## INTRODUCTION

This is an action for damages in relation to Plaintiff's claims in strict products liability, breach of express and implied warranty, and negligence, as well as pursuant to the private right of action authorized by New York General Business Law § 349 (herein after GBL § 349) as a result of the defendants' manufacture, distribution and/or sale of a defective and unreasonably dangerous vaping device and/or defective and unreasonably dangerous batteries to power said vaping device.

## THE PARTIES

1. ORLANDO ALVARADO, the plaintiff herein is domiciled in the State of New York.

2. SAMSUNG ELECTRONICS AMERICA, INC., is an active New York Domestic Business Corporation designating New York County as its domicile with the New York State Secretary of State.

3. SAMSUNG SDI AMERICA, INC.; is a California for profit corporation, with service of process addresses in both California and Michigan.

4. ECIG WAREHOUSE, INC. d/b/a CLOUD 99 VAPES is a New York Domestic Business Corporation designating Rockland County as its domicile with the New York State Secretary of State.

## VENUE

5. Venue is properly placed in New York County because SAMSUNG ELECTRONICS AMERICA, INC. has a New York County domicile designated by the New York State Secretary of State.

## FACTS

6. ORLANDO ALVARADO purchased a Smok brand vaping device from defendant ECIG WAREHOUSE, INC. d/b/a CLOUD 99 VAPES in or about 2019.

7. Said Smok brand vaping device (model: G-priv 220 mod) was sold by ECIG WAREHOUSE, INC. d/b/a CLOUD 99 VAPES to Plaintiff ORLANDO ALVERADO with Samsung model 18650-25R batteries to power said vaping device at the time of purchase.

8. Said batteries were manufactured and/or sold in the chain of commerce by SAMSUNG ELECTRONICS AMERICA, INC.

9. Said batteries were manufactured and/or sold in the chain of commerce by SAMSUNG SDI AMERICA, INC.

10. Said batteries were installed and used by Plaintiff ORLANDO ALVARADO in said vaping device in the same condition as they were purchased from defendant ECIG WAREHOUSE, INC.

11. At the time of plaintiff's purchase of said vaping device and batteries, ECIG WAREHOUSE, INC. was a merchant of said electronic vaping device and the batteries used to power said device.

12. Plaintiff ALVARADO used the vaping device powered by said batteries many times without incident over several months.

13. On or about June 15, 2019, Plaintiff ORLANDO ALVARADO was in his motor vehicle, and said vaping device with the batteries installed was in his back pants pocket.

14. The Smok vaping device G-Priv 220 mod and Samsung 18650-25R Batteries spontaneously ignited, spewed fire, exploded, and released a fireball of flames, inside Plaintiff ORLANDO ALVARADO's back pants pocket.

15. As a result, Plaintiff suffered serious burn injuries (first, second and third degree) to various areas of his body including his fingers, hands, buttocks, back, all the way up to his neck, among others.

16. Said burn injuries required extensive medical treatment.

17. Said burn injuries were extremely painful.

18. Some of plaintiff's injuries are permanent.

## AS AND FOR A FIRST CAUSE OF ACTION (NEGLIGENCE)

19. Plaintiff repeats and realleges each and every allegation contained in the paragraphs above and incorporates the same as if fully set forth hereat.

20. The Defendants negligently and carelessly designed, manufactured, assembled, distributed, tested, instructed, marketed, recommended, and/or sold the aforesaid Smok brand vaping device (model: G-priv 220 mod) and/or the Samsung 18650-25R Batteries to be used and in fact used in said vaping device, in a condition that was unsafe and unreasonably dangerous.

21. The Defendants negligently and carelessly failed to properly and adequately warn and instruct users of the potential dangers and hazards represented by the Smok brand vaping device

-3-

(model: G-priv 220 mod) and/or the Samsung 18650-25R Batteries to be used and in fact used in said vaping device.

22. The Defendants negligently and carelessly equipped the subject Smok brand vaping device (model: G-priv 220 mod) and/or the Samsung 18650-25R.

23. The Defendants negligently and carelessly failed to properly and adequately warn and instruct users of the potential dangers and hazards presented by the subject Smok brand vaping device (model: G-priv 220 mod) and/or the Samsung 18650-25R.

24. At the time of the June 15, 2019, incident that is the subject of this action Defendants had actual notice of the dangerous propensities of the subject Smok brand vaping device (model: G-priv 220 mod) and/or the Samsung 18650-25R.

25. As a direct and proximate result of the Defendants' negligence, the Plaintiff has sustained severe and permanent damages.

26. WHEREFORE, Plaintiff in negligence, demand judgment jointly and severally against the Defendants together with monetary damages in an amount to be determined by a Jury, together with interest and costs of this action.

## AS AND FOR A SECOND CAUSE OF ACTION (BREACH OF WARRANTY)

27. Plaintiff repeats and realleges each and every allegation contained in the paragraphs above and incorporates the same as if fully set forth hereat.

28. The Defendants impliedly warranted that the subject Smok brand vaping device (model: G-priv 220 mod) and/or the Samsung 18650-25R was of merchantable quality, safe, and fit for the expected uses of the product.

29. The Defendants breached their implied warranties with respect to the aforesaid product(s) in that the subject Smok brand vaping device (model: G-priv 220 mod) and/or the Samsung 18650-25R were unreasonably dangerous and defective, thereby causing the aforesaid in-person physical injuries to Plaintiff.

30. Defendants made express warranties concerning the quality, design, safety, and fitness of the subject product(s).

31. The product(s) do not conform to Defendants' express warranties concerning the quality, design, safety, and fitness of the subject product(s) including that it was free from defects.

32. The Smok brand vaping device (model: G-priv 220 mod) and/or the Samsung 18650-25R of the subject product(s) were defective in contravention of Defendants' express Warranty, and these defects caused the aforesaid physical injuries to Plaintiff.

33. Plaintiff, for this cause of action, is entitled to judgment jointly and severally against the Defendants together with monetary damages in an amount that exceeds the lower monetary jurisdiction of this court, together with interest and the taxable costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
## (STRICT PRODUCTS LIABILITY)

34. Plaintiff repeats and realleges each and every allegation contained in the paragraphs above and incorporates the same as if fully set forth hereat.

35. The products, Smok brand vaping device (model: G-priv 220 mod) and/or the Samsung 18650-25R as sold and distributed were defective in that they were improperly designed,

manufactured, assembled, packaged, distributed, sold, tested, inspected and in choice of materials and/or components.

36. Further, the aforesaid subject Smok brand vaping device (model: G-priv 220 mod) and/or the Samsung 18650-25R were unreasonably dangerous and unfit.

37. The subject Smok brand vaping device (model: G-priv 220 mod) and/or the Samsung 18650-25R were also designed without proper or adequate instructions or warnings given the potential dangers and hazards presented by said product(s).

38. In addition, the Defendants failed to keep themselves apprised of related available information and design alternatives that would have made them aware of the defects and dangers alleged herein concerning the subject product(s) and/or otherwise ignored such critical information/design and material alternatives.

39. The defective nature of the subject product(s) caused the Plaintiff to suffer severe painful and disfiguring burn injuries as set forth herein.

40. The defendants had notice of prior incidents where vaping devices with lithium batteries spontaneously exploded, spewed fire, and caused burn and other injuries to people on multiple occasions.

41. Despite such knowledge, defendants failed to take any steps to better design, manufacture or provide warnings to the public using their product(s) to minimize or eliminate the risks

associated with vaping devices having lithium batteries spontaneously catching on fire and/or exploding and causing personal injury.

42. The plaintiff is entitled to punitive damages, as determined by a jury, up to the Constitutional maximum for defendants' prior knowledge and willful disregard of a known severe safety hazard associated with their vaping device and batteries.

43. Plaintiff demands judgment jointly and severally against the defendants, together with monetary damages in an amount to be determined by a Jury, in addition to punitive damages, together with interest and costs of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
## (UNFAIR AND DECEPTIVE TRADE PRACTICES - G.B.L. § 349)

44. Plaintiff repeats and realleges each and every allegation contained in the paragraphs above and incorporates the same as if fully set forth hereat.

45. Prior to the occurrence that is the subject of this action the Defendants received complaints, reports and/or information of occurrences concerning the product(s) that are the subject of this action that are similar and/or substantially similar to the incident that is the subject of this action.

46. Defendants were aware of reports of the subject Smok brand vaping device (model: G-priv 220 mod) and/or the Samsung 18650-25R failure as well as related burn injuries.

47. Defendants failed to properly discharge their continuing post-sale/distribution duties arising under New York law to keep abreast of the state of the art.

48. Defendants failed to properly discharge their continuing post-sale/distribution duties arising under New York law to take prophylactic actions.

49. Defendants failed in their duty, arising under Section 15(b) of the Consumer Product Safety Act, to timely and properly report incidents related to the product(s) that is the subject of this action and the hazards and risks that became known to Defendants.

50. Defendants failed in their duty, arising under Food and Drug Administration provisions to timely and properly report incidents related to the product(s) that is the subject of this action and the hazards and risks that became known to Defendants.

51. Defendants misrepresented, concealed, failed or delayed in revealing material facts which were known to them with respect to the subject model product(s) and its attendant hazards and risks.

52. Prior to the occurrence that resulted in the Plaintiff's injuries the Defendants were fully aware and had actual notice of the dangerous propensities of the subject product(s), a significant number of incidents where the product(s) failure had permitted Smok brand vaping device (model: G-priv 220 mod) and/or the Samsung 18650-25R to explode and spew fire, as well the availability of safer and feasible design/material alternatives.

53. Despite knowledge of the occurrences of the preceding paragraphs, Defendants failed to promptly redesign, recall, issue additional warnings or take any further steps to prevent and/or minimize incidents of injuries resulting from the use of the subject product(s).

54. Defendants needlessly delayed in issuing a recall despite having actual knowledge of claims and information indicating that a recall was warranted.

55. Defendants' conduct in relation to the subject model product(s), violated the New York State General Business Law's (GBL) prohibition against unfair and deceptive trade practices pursuant to GBL § 349.

56. As a result of the aforesaid malfeasance and nonfeasance, the Defendants are liable to Plaintiff for damages in an amount to be determined by a jury at the time of trial in addition to an award of attorney's fees, pursuant to the provisions of New York General Business Law.

Plaintiffs demand a trial by jury.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount above the lower monetary jurisdiction of this court, as compensatory damages, plus punitive damages plus attorney's fees as claimed above, together with interest and the costs and disbursements of this action.

Dated: New York, New York
       July 14, 2021

                                                    ALBAN DUNISHA, ESQ.

## VERIFICATION

ALBAN DUNISHA, ESQ., being duly sworn, affirms and says that:

I am an attorney duly admitted to practice law in the State of New York and a member of the firm of **L & D LAW, P.C.** in the within action; that i have read the foregoing **SUMMONS AND VERIFIED COMPLAINT** and know the contents thereof, that the same is true to the best of my own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters i believe them to be true.

The reason this verification is not made by the plaintiff is that plaintiff resides and is located outside the County where the attorney maintains his office.

The source of deponent's information and the grounds for his belief, as to those matters stated upon information and belief, are statements furnished to deponent by plaintiff, personal investigation of this matter and from records in deponent's file.

I affirm the foregoing statements to be true under the penalties of perjury.

Dated: New York, New York
July 14, 2021

_____
ALBAN DUNISHA, ESQ.

**Judicial Services Group**
401 S Jackson St
Jackson, MI 49201-2216

**INVOICE:** 5929418
Issued:   Aug 13, 2021

**Recon Management Group LLC**
Dave Rees
30400 Telegraph Rd Ste 472
Bingham Farms, MI 48025-2364

PAY TO:
**Judicial Services Group**
401 S Jackson St
Jackson, MI 49201-2216

| Case: | 21-2359-CH | Plaintiff / Petitioner: | Oakridge Manor Condominium Association |
| Job: | 5929418 | Defendant / Respondent: | Jasmine E. Oliver |

| Item | Description | Cost | Quantity | Total |
| --- | --- | --- | --- | --- |
| Mileage | | $0.84 | 88 | $73.92 |
| Affidavit of Attempts | | $10.00 | 1 | $10.00 |

| Thanks for your business. Please pay the "Balance Due" Upon Receipt. | Total: | $83.92 |
| --- | --- | --- |
| | Amount Paid: | ($0.00) |
| | **Balance Due:** | **$83.92** |

Judicial Services Group  •  401 S Jackson St, Jackson, MI 49201-2216

Call: 517-788-8898  •  Email: jeff@courtofficer.com  •  Visit: www.courtofficer.com